HERMAN COHN, Appellant, v. GUARDIAN ASSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, January 11, 1897.

1. **Insurance**: GENERAL ASSIGNMENT: RIGHT OF ACTION. Where the assured after the loss and before the commencement of a suit on an insurance policy makes an assignment for the benefit of his creditors of all things in action, etc., such action is not maintainable by the assured.

2. ————: ASSIGNED POLICY: RIGHT OF ACTION. Where a policy has been validly assigned in trust for creditors, the assignor can not maintain an action thereon.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*Fred Basom* and *Geo. Hubbert* for appellant.

(1) Under the following authorities we might be justified in the contention that it would have been perfectly competent for those creditors of Cohn to have proceeded in their own name, though that would have been inconvenient on account of their number. For it seems undoubtedly true in this state that a transfer of a chose in action, though it may not operate as an outright transfer of the strictly legal title, carries the equity, and with it a right of action in the name of the transferee, if he so desires to proceed. *Boeka v. Nuella,* 28 Mo. 180; *Willard v. Moies,* 30 Mo. 142; *Quigley v. Bank,* 80 Mo. 295; *Johnson Co. v. Bryson,* 27 Mo. App. 341; *Williams v. Ingersoll,* 89 N. Y. 508. (2) The

nominal legal title or right of action remained in the assured Cohn, as a matter of form, in pursuance of the arrangements between the parties; and he was by that arrangement constituted a mere express trustee in favor of Frankenthal *et al.;* and they had a right by his leave to pursue their right and remedies against the insurance company in Cohn's name, free from any interference by his subsequent general assignee, and certainly free from any question by the defendant company. *Hooker v. Bank,* 30 N. Y. 83; 86 Am. Dec. 351; *Ford v. Stuart,* 19 Johns. 342; *Briggs v. Dorr,* 19 Johns. 95; *Prescott v. Hull,* 17 Johns. 284; Jones on Chattel Mortg., sec. 81; *Wright v. Trusley,* 30 Mo. 389, 395; *Ellis v. Harrison,* 104 Mo. 270, 277; 2 Washburn, Real Prop. 130; *Nicolay v. Fritschle,* 40 Mo. 67; *Chouteau v. Boughton,* 100 Mo. 406, 411; *McComas v. Ins. Co.,* 56 Mo. 573; *Haysler v. Dawson,* 28 Mo. App. 536. (3) The general assignment of Cohn carried only the assets owned by Cohn in his own right at the time, and could not have affected the trust property nominally held by him for others; and it did not, therefore, impair the right of Frankenthal *et al.,* to use his name under the power of attorney (which was coupled with an interest) as a mere trustee, to enforce the insurance policy for their own benefit under the arrangement between them before the general assignment. Property held in trust for others by a debtor does not pass to the assignee for creditors. *Holmes v. Winchester,* 133 Mass. 140; *Low v. Welch,* 139 Mass. 33; *Watts v. Shipman,* 21 Hun (N. Y.), 598; *Ludwig v. Highly,* 5 Barr. (Pa.) 132; *Smythe v. Sprague,* 149 Mass. 310; *Gammon v. Holma,* 11 Ore. 284; *Phillips v. Laclede Co.,* 76 Mo. 68; *Green v. Conrad,* 114 Mo. 651, 654; 4 Kent, Com. [11 Ed.], pp. 448, 510; *Johnson v. Blell,* 61 Mo. App. 37.

*Fyke, Yates & Fyke* for respondent.

(1)   Before the suit was brought, appellant had parted with all his interest in the policy, and when the suit was brought, in 1892, he was not the legal party in interest.   The assignee then held the legal title to the policy, and he alone could maintain an action upon it.   The fact that the assignee was. discharged long after the suit was brought cuts no figure; for unless plaintiff could maintain the action when it was brought, nothing that subsequently arose could vest in him the right to prosecute the suit brought at a time when he had no right to sue.   The fact that the assignee had been discharged, did not reinvest Cohn with the title to the policy.   *Church Society v. Branch*, 120 Mo. 226, 247.   "It is elementary law, that a plaintiff must recover, if at all, on his right of action as it existed at the institution of his suit."   *Tobin v. McCann*, 17 Mo. App. 481, 483; *Werth v. City of Springfield*, 22 Mo. App. 12–17; *Jennings v. Zerr & Jennings*, 48 Mo. App. 528. (2) If plaintiff's counsel, who made themselves witnesses, are to be believed, plaintiff had no right to begin the suit for the reason that the cause of action had been transferred to A. Frankenthal & Brother long before the suit was brought.   If the policies by the instrument offered in evidence were assigned to Frankenthal & Brother, they of course, did not pass to the assignee for the benefit of creditors, under the deed of assignment; but if they had not been assigned to Frankenthal & Brother, then they did pass by the deed of assignment.   In either event, plaintiff could not maintain an action upon the policies.

ELLISON, J.—This is an action on a fire insurance policy.   At the close of the trial the circuit court directed a verdict for defendant.

Cohn v. Assurance Co.

Prior to the commencement of this suit and after the loss plaintiff made an assignment for the benefit of creditors whereby he conveyed all his property, debts, accounts, "and things in action" to one F. E. Carr. The legal effect of this assignment was to vest in the assignee the subject-matter of this suit, the right of action against this defendant for a loss covered by the policy. *St. George Church v. Branch*, 120 Mo. 247. From which it follows that plaintiff had no right to maintain the action.

INSURANCE: general assignment: right of action.

But the plaintiff claims that the claim under this policy had been by writing assigned to A. Frankenthal & Brother, of St. Louis, for the benefit of creditors prior to the general assignment for creditors to Carr. If there was a valid assignment to Frankenthal & Brother in trust for creditors which was not covered by the assignment to Carr, it only shows that plaintiff's right of action had been parted with to another party and still leaves him without right to maintain this action.

————: assigned policy: right of action.

We have been cited to authority showing that plaintiff had the right to make the assignment to Frankenthal & Brother, but if this be so it does not follow that plaintiff can afterward maintain a suit for the thing assigned.   Judgment affirmed.   All concur.